IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IEA CONSTRUCTORS, LLC, and
INFRASTRUCTURE AND ENERGY
ALTERNATIVES, INC.,

                    Plaintiffs,                          OPINION and ORDER

            v.                                              23-cv-588-jdp

WESTWOOD PROFESSIONAL SERVICES, INC.,

                    Defendant.

---

Plaintiffs IEA Constructors, LLC and Infrastructure and Energy Alternatives, Inc. were general contractors for four utility-scale solar projects. Plaintiffs allege that defendant Westwood Professional Services, Inc., a subcontractor, prepared deficient plans for stormwater management and sediment control, causing damages in the form of costs to investigate and repair the defects.

Plaintiffs appeal Magistrate Judge Anita Boor's order denying their request for a new schedule. For the reasons below, the court will overrule plaintiffs' objections.


ANALYSIS

The court may overrule a scheduling order of the magistrate judge if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Plaintiffs have not met that standard.

In their motion to set a new schedule, plaintiffs identified two reasons why they wanted the court to move all deadlines at least 90 days: (1) discovery ends in October, "but no depositions have been scheduled to date," Dkt. 35, at 4; and (2) plaintiffs' lawyer withdrew

from the case and their replacement counsel has a scheduling conflict with the May 2026 trial date in this case. Judge Boor concluded that neither reason qualified as good cause. That conclusion was neither clearly erroneous nor contrary to law.

As for the need to conduct further discovery, plaintiffs identify no reason why they have yet to take any depositions. The original discovery cutoff was February *2024.* Dkt. 11, at 2. At the parties' request, the court reset that deadline to October 2025 because the parties stated that they needed more time to conduct discovery. Dkt. 29 and Dkt. 30. The parties give no excuse for making so little progress after receiving such a lengthy extension.

As for the substitution of counsel, plaintiffs say that their lead counsel left private practice, so they needed to find replacement counsel at a different firm and that lawyer has an arbitration hearing scheduled for the same time as the trial in this case. Plaintiffs cannot control whether their counsel takes a different job, but plaintiffs do not explain why other lawyers at the same firm could not take over. More important, plaintiffs had full control over who they chose as replacement counsel. The case schedule has been set since January 2025, long before the parties chose their new counsel. Plaintiffs do not explain why they could not have screened prospective counsel to ensure that their availability was consistent with the case schedule.

Plaintiffs contend that Judge Boor acted contrary to law, but the authority they cite does not support their position. They cite a treatise stating that "an attorney's withdrawal from the case may motivate a court to grant a continuance" and two cases in which district courts granted continuances after there was a substitution of counsel. Dkt. 39, at 5–7. But none of these authorities suggest that parties are entitled to reset the schedule when new counsel is hired. The standard is good cause, Fed. R. Civ. P. 16(b)(4), and the court has explained why plaintiffs have not met that standard. If the parties had wanted to make small tweaks to

2

imminent deadlines, that would be one thing. But plaintiffs cite no authority for the view that a court must reset the schedule to accommodate new counsel's prior commitments.

Plaintiffs say that granting such a lengthy extension causes no prejudice, but that is incorrect. Each time the parties seek to change the schedule, it diverts the court's attention from other pressing matters and risks creating conflicts with previously scheduled proceedings. For example, if the court were to grant the parties their requested 90-day extension, the trial date in this case would fall around the same time as the trial of a proposed antitrust class action. That is exactly the type of court congestion that case schedules are intended to avoid. More generally, if the court were to allow parties to make significant changes to the case schedule every time there was a substitution of counsel, case schedules would become little more than suggestions and docket management would become unwieldy.

Plaintiffs chose to file their lawsuit in this district. In fact, they strongly opposed a motion to transfer this case to Georgia, where the solar projects are located and related litigation is already pending. So plaintiffs should have been aware that this court takes its case schedules seriously and is not inclined to reset schedules in the absence of compelling circumstances. This case has already been pending longer than approximately 90 percent of the court's other civil cases. The parties have received one major schedule change, and they are not entitled to another.

This does not mean that the court will not allow any adjustments to the schedule. Judge Boor explained in her order that the parties may move certain deadlines, such as expert disclosures and the close of discovery by agreement without leave of court. But Judge Boor did not err in declining to change the trial date.

ORDER

IT IS ORDERED that plaintiffs' objections to the magistrate judge's August 25, 2025

order are OVERRULED.

Entered September 9, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge