IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IEA CONSTRUCTORS, LLC, and
INFRASTRUCTURE AND ENERGY
ALTERNATIVES, INC.,

                Plaintiffs,

  v.

WESTWOOD PROFESSIONAL SERVICES, INC.,

                Defendant.

OPINION and ORDER

23-cv-588-jdp

---

Plaintiffs IEA Constructors, LLC and Infrastructure and Energy Alternatives, Inc. were general contractors for four utility-scale solar projects. Plaintiffs allege that defendant Westwood Professional Services, Inc., a subcontractor, prepared deficient plans for stormwater management and sediment control, causing damages in the form of costs to investigate and repair the defects.

Fact discovery is set to close at the end of this month, on January 30, 2026, followed by expert disclosures in February and pretrial filings in March. Dkt. 50 & Dkt. 48. The parties have agreed to take the deposition of plaintiffs on January 21 and 22, 2026, Dkt. 49 at 3-4, and defendant served a Rule 30(b)(6) notice with the deposition topics, Dkt. 52-1. Plaintiffs objected to a number of these topics, Dkt. 52-1, and the parties have resolved some of those objections. But they reached an impasse on others, motivating plaintiffs to move for a protective order relieving them of their obligation to prepare on the related topics. Dkt. 51.

For the following reasons, plaintiffs' motion is GRANTED in part and DENIED in part, and defendant is ORDERED to serve an amended deposition notice consistent with the court's rulings below.

LEGAL STANDARD

Under Rule 30(b)(6), a party may depose an organization through its chosen designee. Fed. R. Civ. P. 30(b)(6). A request to depose under this rule must describe with reasonable particularity the topics for examination. *Id.* The responding organization then has an obligation to prepare the designated person on those topics to testify about information known or reasonably available to the organization. *Id.* Like all discovery, these topics must respect the relevancy and proportionality standard set forth in Rule 26. *Tierney v. BNSF Ry. Co.*, No. 23-CV-477-WMC, 2024 WL 3617479, at *4 (W.D. Wis. July 31, 2024); *Gaylor v. Lew*, No. 16-CV-215-BBC, 2017 WL 3530861 at *1 (W.D. Wis. Feb. 21, 2017).

ANALYSIS

Defendant has objected to ten of the noticed topics, discussed here:[1]

**A.  Topics 6 and 21**

These two topics ask plaintiffs to prepare a witness to testify about communications between plaintiffs and defendant regarding various aspects of the solar projects. Specifically:

- Topic 6 concerns "All communications and communication attempts between Plaintiffs and Defendant regarding the IEA Solar Projects, as well as all communications regarding this Lawsuit."

- Topic 21 concerns "All IEA communications with Westwood regarding installation, maintenance, and functionality of BMPs [best management practices] at the IEA Solar Projects."

---

[1] Plaintiffs' request for a protective order states that they are seeking "relief from eleven of the thirty-three Topics." Dkt. 51 at 2. But the request notes elsewhere that the parties resolved disputes for "23 of the 33 noticed topics," *id.*, which would leave ten. And the request only lists ten topics by number. *Id.* at 3–6. So the court has focused on those ten.

2

Plaintiffs object to these topics as overly broad and unduly burdensome. They note that the parties have produced nearly 300,000 documents in this case, with over 62,000 of those email communications. Defendant does not dispute the breadth of the request but argues that any overbreadth is a problem of plaintiffs' own making. Per defendant, "the overwhelming nature of the information" is caused by the scope of plaintiffs' allegations. Dkt. 55 at 2.

Plaintiffs' objections are well founded. A corporate designee has a duty to prepare for the corporation's deposition, and counsel has a related duty to ready their client to answer questions related to properly noticed topics. This oftentimes involves reviewing the pleadings, discovery responses, and other materials referenced in the parties' filings, and these materials may include communications between the parties. But when the parties' productions have included tens of thousands of such communications, topics calling for preparation on "all" communications and "all" attempted communications are overly broad. More specificity is needed to identify the relevant communications to allow for meaningful preparation.

Defendant's point about the scope of the deposition matching that of the case is fair, but only to a degree. At this stage, both sides should have a firm grasp of the materials that are important to their positions and should be prepared to identify those materials in advance of depositions. The court understands that the deposing party may be reluctant to preview their exhibits, but this must give way to Rule 30(b)(6)'s notice requirement. Preparation for a corporate deposition should not be a guessing game, and the deposition itself should not be a surprise pop quiz. Moreover, requiring specificity should aid *both* sides in honing their respective cases.

For these reasons, plaintiffs' objections with respect to Topics 6 and 21 are SUSTAINED in large part. The court will GRANT a protective order with respect to these topics as follows:

- Plaintiffs are required to prepare their corporate designees on any communications between the parties that are referenced in the parties' pleadings, plaintiffs' interrogatory answers, and plaintiffs' filings.
- If defendant wishes for plaintiffs' designees to be prepared to testify to other communications, they must identify those communications one week in advance of the deposition. This could be done categorically—*e.g.*, defendant could ask plaintiffs to prepare to testify about communications pertaining to a particular subject from a particular timeframe. Or defendant could list communications produced in the litigation by Bates number.

The point of these requirements is to give plaintiffs' designees adequate notice so they can prepare to give fulsome testimony at the deposition. The more specific the notice, the higher the expectation that the witness should be prepared to offer fulsome testimony. This order does not mean that defendant is prohibited from asking plaintiffs about other communications, but the duty to prepare may not extend to those communications, and thus the expectation of fulsome testimony is diminished.

B.  **Topic 24**

Plaintiffs grouped this topic with Topic 6 and Topic 21, claiming it too asks the plaintiffs to prepare a witness to testify about "all" communications, but it does not. Rather, Topic 24 asks plaintiffs to prepare a witness to testify about "The process of communicating and/or reporting information received from on-site personnel of IEA executives and project

4

owners."  This is a discrete topic—it simply asks about *the process* for communicating information from the project sites to plaintiffs' executives—and it has some relevance to the lawsuit.  Because the topic is discrete and particularized, a witness should be able to prepare to testify about it.  Plaintiffs' objections about overbreadth, burden, and relevance as to this topic are OVERRULED.

C. **Topic 30**

Plaintiffs grouped this topic with Topic 6 and Topic 21 because it too asks about "all" communications, among other materials.  But unlike Topic 6 and Topic 21, this topic specifies a category.  Specifically, Topic 30 concerns "All documentation, communications, investigations, and inspections of the property *for the purposes of obtaining a notice of termination for the IEA Solar Projects*."  The court reads this to ask about documentation, materials, and activities plaintiffs would routinely prepare to issue a notice of termination.  This has relevance to the lawsuit, and it is discrete enough for a witness to be able to prepare to testify about it.  Plaintiffs' objections about overbreadth, burden, and relevance as to this topic are OVERRULED.

D. **Topic 20**

Topic 20 asks plaintiffs to prepare a witness to testify about "All Requests for Information ("RFIs") as to civil sitework and BMP [best management practice] installation issued for any of the IEA Solar Projects."  Plaintiffs object to this topic as overly broad and unduly burdensome, noting that there were 363 requests for information.  They also question relevance.  The court agrees.  The court fails to see how any and all requests for information, regardless of the subject of inquiry, could bear on the issues in this case.  This case deals with solar array projects, but more specifically defendant's plans for stormwater management and

5

sediment control.  Like Topics 6 and 21, defendant must do more to focus on specific lines of questioning.  Plaintiffs' objections on this topic are largely SUSTAINED, and the parties should look at the instructions regarding Topics 6 and 21 for guidance on this topic.

### E.  Topics 25, 27, and 29

These three topics ask plaintiffs to prepare a witness to testify about aspects of inspections that occurred at the solar panel project sites.  Specifically:

- Topic 25 concerns "The process of any pre-work inspection(s) or site preparation of the IEA Solar Projects."

- Topic 27 concerns the "date(s)" and "results" of any work, investigation, or inspection performed at the Projects.

- Topic 29 concerns "All daily, weekly, monthly, and SWPPP inspection reports for the various IEA Solar Projects."

Plaintiffs object to these topics as vague, overly broad, and seeking irrelevant information.  They claim that they cannot discern the activities that these topics are meant to cover.  They also note that there were thousands of inspection reports created for the projects.  The court agrees.  The court fails to see how any and all inspections or site preparation, regardless of the subject of those inspections or preparations, could bear on the issues in this case.  Again, this case deals with solar array projects, but more specifically defendant's plans for stormwater management and sediment control.  Like Topics 6 and 21, defendant must do more to sharpen the points of inquiry.  Plaintiffs' objections on these three topics are largely SUSTAINED, and the parties should look apply the instructions regarding Topics 6 and 21 for guidance on these topics.

F.  **Topic 26**

Topic 26 asks plaintiffs to prepare a witness to testify about "The names of any and all employees, contractors, officers, directors, government agents, or any other personnel that visited or performed any work, investigation(s), or inspection(s) at any of the IEA Solar Projects." Plaintiffs primarily object to this topic as overly broad and unduly burdensome, noting that it could implicate hundreds and perhaps thousands of individuals. The court agrees. It is entirely unclear what the names of these unknown individuals would add to the lawsuit at this juncture. Plaintiffs' objections on this topic are SUSTAINED.

G.  **Topic 31**

Topic 31 asks plaintiffs to prepare a witness to testify about ""Plaintiffs' responses to Interrogatories and Requests for Production of Documents, along with any documents produced in response to same." Plaintiffs note that they answered 24 interrogatories and responded to dozens of document requests. They argue that this topic duplicates the work associated with those responses. Plaintiffs certainly have a point with respect to their document productions—it is not reasonable to expect a witness to prepare to testify as to thousands, let alone tens of thousands, of documents. But the same is not true as to a discrete number of interrogatory answers that plaintiffs themselves prepared. Plaintiffs' representatives should be prepared to testify about those answers. Accordingly, plaintiffs' objections to this topic are SUSTAINED as they relate to their responses to defendant's requests for production and plaintiffs' document productions but OVERRULED as they relate to plaintiffs' interrogatory answers.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for protective order, Dkt. 51, is GRANTED in part and DENIED in part, as set forth above.

2. Defendant must serve an amended deposition notice by January 12, 2026, consistent with the rulings above.

3. The parties bear their own costs on this motion.

Entered this 5th day of January, 2026.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge