IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IEA CONSTRUCTORS, LLC, and
INFRASTRUCTURE AND ENERGY
ALTERNATIVES, INC.,

                    Plaintiffs,                                          ORDER

        v.
                                                                    23-cv-588-jdp

WESTWOOD PROFESSIONAL SERVICES, INC.,

                    Defendant.

---

Plaintiffs IEA Constructors, LLC and Infrastructure and Energy Alternatives, Inc. were general contractors for four large solar projects. Plaintiffs allege that defendant Westwood Professional Services, Inc., a subcontractor, prepared deficient plans for stormwater management and sediment control, causing damages in the form of costs to investigate and repair the defects.

The parties are in the midst of submitting their documents in preparation for trial. Plaintiffs object to two of Westwood's submissions: (1) its exhibit list; and (2) its deposition designations. Dkt. 115.

As for Westood's exhibit list, plaintiffs contend that it is deficient in three ways: (1) it designated more than one and sometimes several witnesses for many of its exhibits; (2) it did not provide "meaningful descriptions" or Bates numbers for each exhibit; and (3) many of the stamped exhibits that Westwood provided to plaintiffs do not match the description on Westwood's exhibit list. In response to plaintiffs' motion, Westwood filed an amended exhibit list that attempts to address some of plaintiffs' objections. Dkt. 117. In their reply, plaintiffs do not raise any substantive objections to the new list, but they ask the court to extend their

deadline for responding to the amended list. That request is GRANTED. Westwood filed its amended list one week late, so plaintiffs' deadline for filing objections is extended one week from April 27 to May 4.

As for the deposition designations, plaintiffs object that Westwood has designated "more than 90%" of the 13 deposition transcripts in this case. Westwood does not dispute this, but it says that expansive designations were necessary because none of those deposed witnesses are subject to the court's subpoena power, and plaintiffs have refused to identify which of those witness they will be calling at trial.

Both sides will have to modify their approach. As for plaintiffs, they must identify which of those 13 deposed witnesses they will be calling. There is no point in the parties or the court devoting time and resources to resolving deposition disputes that will become moot. As for Westwood, it must narrow its designations to no more than an hour of testimony for each witness. No jury will be able to stay attentive to several hours of canned testimony from the same witness.

So the parties are directed to do the following: (1) no later than April 27, plaintiffs will identify which of the 13 deposed witnesses under their control that they will be calling at trial; (2) no later than May 4, Westwood will provide revised deposition designations for those witnesses who will not be called at trial; and (3) no later than May 11, plaintiffs will file their responses to Westwood's designations; and (4) no later than May 22 the parties are to file on the docket complete copies of each deposition with designations, counter designations, and objections highlighted in different colors.

One final point. The court's usual practice is to obtain electronic copies of all the exhibits one week before the final pretrial conference. But the court anticipates that it will

review the parties' trial submissions long before then. So the clerk of court is directed to send invitations to counsel to submit their exhibits to the court's Box.com account. The parties may have until May 1 to submit their exhibits.

Entered April 21, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge