IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IEA CONSTRUCTORS, LLC, and
INFRASTRUCTURE AND ENERGY
ALTERNATIVES, INC.,

                Plaintiffs,

    v.

WESTWOOD PROFESSIONAL SERVICES, INC.,

                Defendant.

ORDER

23-cv-588-jdp

---

After defendant Westwood Professional Services submitted voluminous deposition designations for 13 witnesses, the court directed Westwood to "narrow its designations to no more than an hour of testimony for each witness." Dkt. 119, at 2. In their objections to Westwood's designations, plaintiffs represented that Westwood did not comply with the order, observing that the designations for four witnesses exceed one hour, and the designations for two of the witnesses are approximately 2.5 hours. Dkt. 153. So the court directed Westwood to show cause why it should not strike the deposition designations for four witnesses (Lauren Arecchi, James Allen, Charlie Kalkreuter, and Michael Taylor). Dkt. 168.

In its response, Westwood does not dispute plaintiffs' representation that each of the designations comprise more than one hour of testimony. Instead, Westwood says that the depositions were taken for discovery rather than trial, so Westwood "was not focused on limiting the timeframe of questioning beyond what is mandated by the Rules of Civil Procedure." Dkt. 177. Westwood asks the court to accept all of its designations, but it does not explain why it believes that all of the designated testimony is important or even relevant.

Westwood does not say whether it knew when it took the depositions that the witnesses would be unavailable for trial. Regardless, playing lengthy depositions during trial is inefficient, ineffective, and creates undue delay. It almost certainly prejudices the party presenting the deposition because no jury will be able to remain attentive to two and a half hours of a heavily edited video deposition. A party can't persuade a jury that isn't listening.

So the court will give Westwood three options: (1) edit all of its discovery depositions down to one hour; (2) take trial depositions lasting no more than one hour of the four witnesses; or (3) forgo calling those four witnesses.

If Westwood chooses option one, Westwood may have until June 22 to submit revised deposition designations for the four witnesses. To avoid the possibility of new objections, Westwood is limited to testimony that was previously designated. Any revised deposition designations should also include the previously identified counter designations and objections.

If Westwood chooses option two, the following conditions will apply: (1) Westwood will be responsible for its own expenses as well as plaintiffs' reasonable expenses in defending the depositions and preparing revised designations and objections; (2) the depositions must occur by July 20; and (3) revised designations, counter designations, and objections must be filed with the court in the same form described in Dkt. 119, at 2, by August 3; and (4) the same rules discussed in Dkt. 176, at 8, apply to any application by plaintiffs to the court seeking reimbursement for expenses.

ORDER

IT IS ORDERED that defendant Westwood Professional Services may have until June 18 to inform the court which of the options in this order it is choosing regarding the deposition

designations of Lauren Arecchi, James Allen, Charlie Kalkreuter, and Michael Taylor. If Westwood does not respond by June 18, the court will construe Westwood's silence to mean that it is removing those witnesses from its witness list.

Entered June 15, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge